CC: TO JUDGE ____PM____

The Honorable Robert S Lasnik

____ FILED   _____ ENTERED
_____ LODGED _____ RECEIVED

DEC 03 2002   PM

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

CV 00-01213 #00000099

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER ERICKSON, individually, and on
behalf of all others similarly situated,

                          Plaintiff,

    v.

THE BARTELL DRUG COMPANY,

                          Defendant

No C00-1213L

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF JOINT
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT,
APPROVAL OF NOTICE TO CLASS
MEMBERS AND SETTING OF FAIRNESS
HEARING

NOTE ON MOTION CALENDAR
DECEMBER 2, 2002

## I.  INTRODUCTION AND PROCEDURAL BACKGROUND

The parties jointly submit this memorandum seeking this Court's preliminary approval of a class-wide settlement, approval of a form of class notice regarding settlement, and setting of a fairness hearing for final approval of the settlement

Jennifer Erickson was employed by the Bartell Drug Company ("Defendant" or "Bartell") from February 1999 to January 2002 as a pharmacist. She was enrolled in the Defendant's nonunion employee health plan as part of the terms and conditions of her employment.

On December 29, 1999, Erickson filed a charge of discrimination against Bartell with the Equal Employment Opportunity Commission ("EEOC")  The grounds for the charge were that the

ORIGINAL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF NOTICE TO CLASS MEMBERS AND
SETTING OF FAIRNESS HEARING, Case No C00-1213L, Page - 1

N \CLIENTS\24763\1\PLEADINGS\MEMOORDERSETTLEMENTAPPROVAL 112702(2) DOC

ROBERTA RILEY, WSBA #16841
PLANNED PARENTHOOD
OF WESTERN WASHINGTON
2001 EAST MADISON
SEATTLE, WASHINGTON 98122-2959
TELEPHONE (206) 328-6805
FACSIMILE (206) 328 7522

1 Defendant's health plan, while offering coverage for prescription drugs and preventive medical care,
2 such as routine physical examination of the heart, lungs, and abdomen (including x-rays and
3 laboratory services), mammograms, immunizations and booster shots, did not offer coverage for
4 prescription contraceptives for family planning purposes. Erickson asserted that this disparate
5 treatment in coverage constituted gender discrimination in violation of Title VII of the Civil Rights
6 Act of 1964 and the Pregnancy Discrimination Act. (*See* Declaration of Roberta Riley ¶ 2 ("Riley
7 Decl.").)

8       After conducting the appropriate investigation, the EEOC issued a Right-to-Sue notice dated
9 July 10, 2000  (*Id* , ¶ 3.)

10      On July 19, 2000, Plaintiffs filed this lawsuit against Defendant, alleging that Defendant
11 discriminated against Plaintiff and other women similarly situated based on gender by failing to offer
12 prescription contraceptive coverage in its otherwise comprehensive health benefit plan in violation of
13 Title VII of the Civil Rights Act of 1964 ("Title VII"). (*Id.*, ¶ 4.) The Complaint was filed by the
14 Plaintiff in her individual capacity and on behalf of all others similarly situated pursuant to Federal
15 Rule of Civil Procedure 23(b)(2). On December 14, 2000, this Court certified the matter as a class
16 action. (*Id* , ¶ 6.)

17      On March 23, 2001, Plaintiffs filed a motion for partial summary judgment on their disparate
18 treatment claim alleging that Defendant's failure to provide a health plan that covered prescription
19 contraception was unlawful and violated Title VII as amended by the PDA. In response, Defendant
20 filed a cross-motion for summary judgment to dismiss the complaint in its entirety  (*Id* , ¶ 7.) This
21 Court heard oral argument on both motions on May 30, 2001. Subsequently, on June 12, 2001 this
22 Court granted Plaintiffs' motion for partial summary judgment, holding that Defendant's exclusion of
23 contraceptives from its employee insurance plan constituted gender discrimination in violation of
24 Title VII as amended by the PDA, and ordering Bartell to cover "each of the available options for
25 prescription contraception" and "contraception-related services" on the same terms that it covers

26

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF NOTICE TO CLASS MEMBERS AND
SETTING OF FAIRNESS HEARING, Case No C00-1213L, Page - 2

*ROBERTA RILEY, WSBA #16841*
PLANNED PARENTHOOD
OF WESTERN WASHINGTON
2001 EAST MADISON
*SEATTLE, WASHINGTON 98122-2959*
TELEPHONE (206) 328-6805
FACSIMILE (206) 328-7522

1  other drugs, devices, and outpatient services for non-union employees. <u>Erickson v. Bartell Drug Co</u>,
2  141 F. Supp 2d 1266, 1277 (W.D.Wash. 2001).

3  On June 26, 2001, Bartell filed a motion to amend the June 12, 2001 order, requesting that
4  this Court (a) "supplement[]" the June 12, 2001 order to state that it "intended to grant injunctive
5  relief" and that the June 12, 2001 order therefore "falls within the scope of 28 U S C. § 1292(a)(1) as
6  an interlocutory order granting injunctive relief" (Bartell's Proposed Order Granting Defendant's
7  Motion for Supplemental Order Re 28 U.S.C. § 1292 Certification at 2), and (b) certify the June 12,
8  2001 order for interlocutory appeal under § 1292(b).

9  On August 16, 2001, this Court granted Bartell's request for permission to file an
10 *interlocutory appeal pursuant to § 1292(b). <u>See</u> Order Granting Defendant's Motion for Interlocutory*
11 Appeal, August 16, 2001 at 2. The August 16 order did not address Bartell's request that the June 12
12 order be "supplement[ed]" to clarify that it granted injunctive relief.

13 On August 28, 2001 Bartell petitioned the Court of Appeals for permission to appeal the June
14 12, 2001 order pursuant to 28 U.S.C. §1292(b), Case No. 01-80181. On September 10, 2001, the
15 Court of Appeals denied Bartell's petition as untimely. On September 13, 2001, Bartell filed a notice
16 of appeal with the Court of Appeals pursuant to 28 U.S.C. § 1292(a)(1), Case No. 01-35780. Bartell
17 also moved for reconsideration of the September 10, 2001, order denying its initial petition for
18 permission to appeal, in No. 01-80181 Thereafter, extensive litigation ensued over the question of
19 whether the original petition or the second effort by direct appeal should be dismissed for lack of
20 jurisdiction. Riley Decl ¶ 12-16. The original petition was dismissed, but the parties were ordered to
21 discuss the jurisdictional issues in their briefs in the direct appeal, No. 01-35870

22 Although the parties engaged in extensive settlement discussions throughout the time the
23 matter was before the Court of Appeals, they were unable to reach agreement. [*Id.* ¶ 16]  Bartell, as
24 Appellant, submitted its initial brief to the Court of Appeals on January 28, 2002. On February 7,
25 2002, Plaintiffs/Appellees filed a motion to dismiss appeal for lack of jurisdiction.
26

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF NOTICE TO CLASS MEMBERS AND
SETTING OF FAIRNESS HEARING, Case No C00-1213L, Page - 3

N \CLIENTS\24763\1\PLEADINGS\MEMOORDERSETTLEMENTAPPROVAL 112702(2) DOC

*ROBERTA RILEY, WSBA #16841*
PLANNED PARENTHOOD
OF WESTERN WASHINGTON
2001 EAST MADISON
SEATTLE, WASHINGTON 98122-2959
TELEPHONE (206) 328-6805
FACSIMILE (206) 328 7522

1  Plaintiff/Appellees' Motion to Dismiss was pending at the time the matter was submitted to the
2  Mediation Office of the Ninth Circuit. Although that motion was subsequently denied, on April 22,
3  2002, the appeal was stayed by the 9th Circuit on April 20, 2002, pending the settlement discussions

4  A mediation conference with the Circuit Mediator, Chris Goelz, was held on June 6, 2002.
5  Although the parties did not reach agreement that day, they continued to negotiate, with the
6  assistance of the Circuit Mediator

7  The parties to this lawsuit have now reached a tentative settlement    (*Id*, ¶ 18 )   The
8  settlement has been entered into by the parties on behalf of the certified class of plaintiffs, defined as
9  "All female employees of Bartell who at any time after December 29, 1997, were enrolled in Bartell's
10 Prescription Benefit Plan for non-union employees while using prescription contraceptives "  For
11 purposes of the settlement, a "class member" is any female employee of Bartell who at any time
12 between December 29, 1997 and June 12, 2001, was enrolled in Bartell's Prescription Benefit Plan
13 for non-union employees while using prescription contraceptives.

14 Pursuant to the settlement, Bartell has agreed to the following:

15 1.  Bartell will cover all FDA-approved methods of prescription contraception to the
16     same extent, and on the same terms, that it covers other drugs, devices, and preventive
        care in its non-union health plan;

17 2   Bartell will cover contraception-related services to the same extent, and on the same
18     terms, as other outpatient services in its non-union health plan;

19 3.  For class members currently employed at Bartell, Bartell will either: (a) provide
20     coverage for all FDA-approved methods of prescription contraception, and
       contraception-related services, with no co-payments, until December 31, 2006, or
21     until the employee is no longer enrolled in Bartell's non-union health plan as an
       employee or through COBRA continuation of benefits, whichever occurs first; or (b)
22     pay the class member up to $800 for out-of-pocket costs incurred at any time between
       December 29, 1997 and June 12, 2001, for prescription contraception that is typically
23     purchased no more than once a year, such as an IUD or Norplant, and/or for services
       related to such contraception, upon submission of proof of expenditure,

24 4.  For class members no longer employed at Bartell, Bartell will pay either: (a) $100 in
25     full compensation for out-of-pocket costs incurred between December 29, 1997 and
       June 12, 2001, for prescription contraception and contraception-related services,
26     without proof of expenditure from the class member; or (b) up to $800 for out-of-
       pocket costs incurred at any time between December 29, 1997 and June 12, 2001, for

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF NOTICE TO CLASS MEMBERS AND
SETTING OF FAIRNESS HEARING, Case No C00-1213L, Page - 4

N \CLIENTS\24763\1\PLEADINGS\MEMOORDERSETTLEMENTAPPROVAL 112702(2) DOC

*ROBERTA RILEY, WSBA #16841*
**PLANNED PARENTHOOD**
**OF WESTERN WASHINGTON**
2001 EAST MADISON
SEATTLE, WASHINGTON 98122-2959
TELEPHONE (206) 328-6805
FACSIMILE (206) 328-7522

1  prescription contraception that is typically purchased no more than once a year, such
2  as an IUD or Norplant, and/or for services related to such contraception, upon
   submission of proof of expenditure;

3  5.   For any class member who was denied coverage or reimbursement under the non-
      union health plans for prescription contraception or contraception related services
4     obtained between June 12, 2001 and November 1, 2001, Bartell will pay that class
      member for the expenses incurred, upon submission of proof of expenditure;

5
6  6   Bartell will pay Jennifer Erickson, the Class Representative, $7,246 for her efforts to
      secure contraceptive coverage for the class; and

7  7   Bartell will pay a portion of the attorney fees and costs incurred by counsel for the
      class in representing the interests of the class, in the amount of $180,000.

8
9  **II.  PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

10      A class action may not be compromised without court approval. *See* Fed. R. Civ. P. 23(e).

11  Such approval is required to ensure that any settlement reached is consistent with the plaintiffs'

12  fiduciary obligations to the putative class members. *Id*, *Fialora v Lockheed Calif Co.*, 751 F.2d

13  995, 996 (9th Cir. 1985).   Consequently, before a class action settlement is submitted to the class

14  members, district courts generally conduct a preliminary hearing to determine whether there is a

15  likelihood it could approve the settlement before conducting a full "fairness hearing."  *In re Jiffy*

16  *Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991); *In re Corrugated Contained Antitrust Litig*, 643

17  F 2d 195, 212 (5th Cir. 1981).

18      For preliminary approval, the judicial inquiry "is not as extensive as the court's final

19  assessment of whether the settlement is fair, adequate, and reasonable " (Moore's Manual - Federal

20  Practice and Procedure at 14A 86[1] (2001).)   At the preliminary stage, courts simply must

21  determine whether the settlement appears to be fair and reasonable.

22      The requirement that the settlement be fair is designed to protect against collusion among the

23  parties  *In re Mid-Atlantic Toyota Antitrust Litig*, 564 F Supp 1379, 1383 (D.Md. 1983). "There is

24  usually an initial presumption of fairness when a proposed settlement, which was negotiated at arm's-

25  length by counsel for the class, is presented for court approval " 2 Herbert Newberg and Alba Conte,

26  *Newberg on Class Actions*, § 11.41 at 11-88 (3rd ed. 1992)  Here, the class-wide Settlement was the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF NOTICE TO CLASS MEMBERS AND
SETTING OF FAIRNESS HEARING, Case No C00-1213L, Page - 5

N \CLIENTS\24763\1\PLEADINGS\MEMOORDERSETTLEMENTAPPROVAL 112702(2) DOC

ROBERTA RILEY, WSBA #16841
PLANNED PARENTHOOD
OF WESTERN WASHINGTON
2001 EAST MADISON
SEATTLE, WASHINGTON 98122-2959
TELEPHONE (206) 328-6805
FACSIMILE (206) 328-7522

1  result of such arm's-length negotiations by experienced lawyers, as mediated under the guidance of

2  Chris Goelz, the Ninth Circuit Mediator (Riley Decl., ¶ 16-20.) The negotiations occurred over the

3  course of more than one year, in the midst of protracted appellate litigation, concluding with an

4  acceptance of the tentative Settlement Agreement containing the above-described relief. *Id*

5  **A.    The Proposed Settlement Terms Are Fair and Reasonable**

6  To determine whether a proposed class action is fair, the settlement terms "must be compared

7  with the likely rewards the class would have received following a successful trial." (*Cotton v*

8  *Hinton*, 559 F.2d 1326, 1332 (5th Cir. 1977).) Furthermore, the strength of the case must be weighed

9  against the settlement offer. (*See West Virginia v. Chas  Pfizer & Co.*, 440 F.2d 1079, 1085 (2d Cir.

10  1970 ) This process requires three steps·

11  
> First, the district court must evaluate the likelihood that plaintiffs would
> prevail at trial.  Second, the district court must establish a range of possible
> recovery that plaintiffs would realize if they prevailed at trial.  And third,
> guided by its findings on plaintiffs' likelihood of prevailing on the merits and
> such other factors as may be relevant, the district court must establish, in
> effect, the point on, or if appropriate below, the range of possible recovery at
> which a settlement is adequate and fair.

12

13

14

15  *In re Corrugated Container Antitrust Litig* , supra, at 212.

16  Because this Court had granted Plaintiffs motion for partial summary judgment on liability,

17  there is a strong likelihood Plaintiffs would have prevailed at trial   The only matters left for trial

18  were entry of final injunctive relief including back pay

19  The proposed settlement secures the injunction that is the primary relief Plaintiffs sought.

20  Riley Decl ¶ 4   Namely, Defendant will continue to obey the Court's June 12, 2001 order by offering

21  coverage in their health plans for all methods of prescription contraception and contraception-related

22  services, including the initial visit to the prescribing physician and any follow-up visits or outpatient

23  services, to the same extent, and on the same terms, as they offer coverage for other prescriptions and

24  clinical services  This injunctive relief is presumably what class members would have been afforded

25  were they to prevail on interlocutory appeal and pursue their claims to trial and final judgment.

26

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF NOTICE TO CLASS MEMBERS AND
SETTING OF FAIRNESS HEARING, Case No  C00-1213L, Page - 6

*ROBERTA RILEY, WSBA #16841*
**PLANNED PARENTHOOD**
**OF WESTERN WASHINGTON**
2001 EAST MADISON
SEATTLE, WASHINGTON 98122-2959
TELEPHONE  (206) 328-6805
FACSIMILE  (206) 328-7522

1   The proposed settlement further ensures that all class members are afforded back pay as part

2   of the complete injunctive relief allowed in Title VII actions. Because of the unique circumstances of

3   this case, there are no comparators for evaluating the methodology for calculating back pay or

4   Defendant's maximum exposure   Title VII actions typically involve lost pay or salary; but the

5   discriminatory policy at issue here involved employee health benefits.   Accordingly, Plaintiffs'

6   counsel contend that back pay should consist of reimbursement for class members' out of pocket

7   expenditures for prescription contraception that would have been paid by the Bartell health plan but

8   for the discriminatory policy.  The position of Bartell and its attorneys is that class members are not

9   entitled to back pay  Accordingly, the question of whether class members would be allowed back

10  pay, the method for calculating an award of back pay, and the amount of such an award are the

11  primary matters that would be left for trial if this settlement is not approved by the Court

12  With respect to the range of possible recovery of back pay, Plaintiffs' counsel were preparing

13  to present evidence at trial to establish a reasonable basis for calculating an aggregate class award of

14  back pay based upon: (1) the number of women who Defendant employed during the class period (2)

15  the percentage of those women who are likely to have utilized each type of prescription

16  contraception during the class period based on national data regarding contraceptive use, and (3) the

17  average monthly cost of each of the relevant types of prescription contraception during the class

18  period  However, an aggregate monetary amount had not yet been determined when Defendant was

19  permitted to seek interlocutory review and the trial date was struck  (*See* Riley Decl., ¶ 9.)

20  If back pay were allowed, the main alternative to such an aggregate, formula-based approach

21  at trial would have required the individual testimony of more than one hundred class members about

22  their actual contraceptive expenses   Under such an individual calculation, the amount of

23  reimbursement would vary for each class member, depending upon what method of contraception

24  she used and how long she was enrolled in the Bartell health plan. The range of possible recovery

25  (hence Defendant's maximum exposure) could theoretically be as little as $15 (for a class member

26

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF NOTICE TO CLASS MEMBERS AND
SETTING OF FAIRNESS HEARING, Case No C00-1213L, Page - 7

N \CLIENTS\24763\1\PLEADINGS\MEMOORDERSETTLEMENTAPPROVAL 112702(2) DOC

*ROBERTA RILEY, WSBA #16841*
**PLANNED PARENTHOOD**
**OF WESTERN WASHINGTON**
**2001 EAST MADISON**
**SEATTLE, WASHINGTON 98122-2959**
**TELEPHONE  (206) 328-6805**
**FACSIMILE  (206) 328 7522**

1  enrolled in the Bartell plan for only one month at the start of the class period who purchased a
2  generic oral contraceptive) up to approximately $800 to $900 (for a class member who purchased an
3  IUD or Norplant during the class period). Riley Decl.¶ 10.

4  However, trial of all class members' individual prescription contraceptive purchases would
5  have placed a heavy burden upon the resources of the Court and required class members to reveal
6  inherently private information   Furthermore, Defendant's maximum exposure for back pay must be
7  discounted for settlement purposes to reflect the added risk and delay associated with the appeal and
8  trial on back pay. As a practical matter, if not for the proposed settlement, many class members,
9  particularly those no longer employed by Bartell, would have no back pay remedy at all.

10  Both parties recognized that, in light of the relatively modest monetary sums at issue here, it
11  would be overly burdensome to establish each individual class member's out of pocket expenditure
12  for prescription contraception during the relevant class period. Thus, the parties have agreed to a
13  class-wide approach that balances the three goals of fairly compensating class members and
14  protecting their privacy while minimizing administrative expense.

15  Accordingly, under the terms of the proposed settlement all class members (both current and
16  former employees) will have an opportunity to obtain back pay. Former employees who are no
17  longer enrolled in the Bartell health plan may make a claim, without the need to reveal confidential
18  medical information, and receive $100 of back pay reimbursement. Alternatively, both current and
19  former employees may submit documentation of actual expenses for long-term contraceptive
20  methods that were purchased during the class period in order to receive up to $800 of back pay
21  reimbursement

22  Under the terms of the proposed settlement, in lieu of the $800 cash option outlined above,
23  class members who are current employees (or former employees who are still enrolled in the Bartell
24  health plan through COBRA) will have the option of receiving up to four years of prescription
25  contraception with no co-pay   In light of the fact that the name brand co-pay was $10 on this health
26

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF NOTICE TO CLASS MEMBERS AND
SETTING OF FAIRNESS HEARING, Case No C00-1213L, Page - 8

N \CLIENTS\24763\1\PLEADINGS\MEMOORDERSETTLEMENTAPPROVAL 112702(2) DOC

**ROBERTA RILEY, WSBA #16841**
**PLANNED PARENTHOOD**
**OF WESTERN WASHINGTON**
2001 EAST MADISON
SEATTLE, WASHINGTON 98122-2959
TELEPHONE (206) 328-6805
FACSIMILE (206) 328-7522

1   plan four years ago and has risen to $20 this year, this is a real benefit to class members who

2   continue to remain enrolled in the Bartell health plan. It effectively puts the back pay award straight

3   to use in helping these women meet their ongoing contraceptive needs

4          In light of Defendant's maximum exposure, the added risk and delay associated with appeal

5   and trial, class members' privacy interests and the other factors set forth above, the proposed

6   settlement is an equitable compromise that is adequate and reasonable to compensate all aggrieved

7   class members

8   **B.    The Class Representative Has Acted in Accord with Her Fiduciary Responsibilities**

9          In securing injunctive relief including back pay for all class members in an amount nearly

10  equal to the potential maximum exposure to Defendant, the Class Representative has fulfilled her

11  fiduciary responsibilities to the class members. This is not undermined by the stipend ($7,246.00)

12  granted the Class Representative, which is warranted by the time and effort she expended in pursuing

13  the claims. Consequently, the parties respectfully request that the Court preliminarily approve the

14  proposed settlement.

15

16               **III.   THE ATTORNEYS' FEES AND COST AWARD IS REASONABLE**

17          Pursuant to the Settlement Agreement, Bartell shall pay, five days after final court approval

18  of the settlement, $180,000 as Plaintiffs' attorneys fees and costs. This amount was agreed as a

19  result of compromise and negotiation based on Title VII's explicit fee-shifting provision (42 U.S.C

20  § 2000e-5(k)), not as a percentage of any actual or putative common fund created for the benefit of

21  the class   In fact, Plaintiffs' counsel have a cumulative fee lodestar exceeding $500,000, which

22  properly reflects the length of time the action has been pending, the complexity of the legal issues,

23  and the contentious nature of the litigation   In the final analysis, Plaintiffs decided to compromise on

24  attorneys fees in order to maximize the financial recovery to the class. This aspect of the settlement

25  is manifestly fair, reasonable and adequate. Accordingly, the parties respectfully request that the

26  Court preliminarily approve the proposed settlement.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF NOTICE TO CLASS MEMBERS AND
SETTING OF FAIRNESS HEARING, Case No C00-1213L, Page - 9

N \CLIENTS\24763\1\PLEADINGS\MemoOrderSettlementApproval 112702(2) DOC

*ROBERTA RILEY, WSBA #16841*
**PLANNED PARENTHOOD**
**OF WESTERN WASHINGTON**
2001 EAST MADISON
SEATTLE, WASHINGTON 98122-2959
TELEPHONE (206) 328-6805
FACSIMILE (206) 328-7522

## IV.  THE NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT SATISFIES THE CLASS MEMBERS' DUE PROCESS RIGHTS

Fed. R. Civ. P 23(e) requires notice to the class in such manner "as the court directs." The purpose of the notice is to fulfill the requirements of due process by fairly apprising class members of the settlement agreement, plaintiffs' counsel's fees and reimbursement of expenses, the hearing on the settlement agreement and the opportunity to appear and be heard. *Gottlieb v Wiles*, 11 F.3d 1004, 1012-13 (10th Cir. 1993) (notice must fairly apprise class members of the settlement and their opportunity to be heard).

Assuming the Court does preliminarily approve the proposed settlement, the parties have agreed to a proposed class notice. The proposed class notice informs the class of the relief provided by the settlement, the hearing on the settlement, and the opportunity to appear and be heard regarding the settlement. (Riley Decl. ¶ 21). (The proposed class notice is attached to the Declaration of Roberta Riley as Exhibit B). In the settlement, Bartell has agreed to mail such notice via first class mail to each female employed by Bartell during the class period, and to post such notice at each of its work sites. These methods of notice fairly apprise the class members of the settlement and of their opportunity to be heard. The parties therefore respectfully request that this Court approve the proposed form of class notice.

## V.  A FAIRNESS HEARING SHOULD BE SCHEDULED FOR MARCH 4, 2003.

On November 21, 2002, the parties contacted the Court clerk to ascertain whether the Court would be available to conduct a "fairness hearing" March 4, 5 or 6, 2003, are dates that the Court and counsel for both parties are available. (Riley Decl , ¶ 22 )

The proposed schedule calls for Court-approved Notice to be mailed on or before December 31, 2002, for objections to be filed on or before February 11, 2003, and for a hearing on final approval of the proposed settlement to occur on March 4, 2003. This notice comports with all class members' due process rights. *See e g Torrisi v. Tucson Electric Power Company*, 8 F 3d 1370 (9th

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF NOTICE TO CLASS MEMBERS AND
SETTING OF FAIRNESS HEARING, Case No C00-1213L, Page - 10

N \CLIENTS\24763\1\PLEADINGS\MEMOORDERSETTLEMENTAPPROVAL 112702(2) DOC

ROBERTA RILEY, WSBA #16841
PLANNED PARENTHOOD
OF WESTERN WASHINGTON
2001 EAST MADISON
SEATTLE, WASHINGTON 98122-2959
TELEPHONE (206) 328-6805
FACSIMILE (206) 328 7522

1    Cir 1993).   Consequently, if the Court preliminarily approves the proposed settlement, the parties

2    respectfully request that the  Court conduct a "fairness hearing" on March 4, 2003.

## VI.  **PROPOSED ORDER**

A proposed order granting preliminary approval of the class-wide settlement, approving

notice to the class, and setting a fairness hearing is filed herewith.

## VII.  **CONCLUSION**

For the foregoing reasons, the parties respectfully ask the Court to grant preliminary approval

of the Settlement Agreement and schedule a fairness hearing on March 4, 2003.

DATED this 27 day of _November_ 2002.

PLANNED PARENTHOOD OF
WESTERN WASHINGTON

By _Roberta Riley_
Roberta Riley, WSBA #16841
2001 East Madison
Seattle, Washington 98122-2959
Telephone: (206) 328-6805

**Lead Counsel for Plaintiffs**

MILLER NASH LLP

By _James Dickens, by TDC_  _tel authority_
James Dickens
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Telephone· (206) 622-8484

**Counsel for Defendant**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF NOTICE TO CLASS MEMBERS AND
SETTING OF FAIRNESS HEARING, Case No C00-1213L, Page - 11

N \CLIENTS\24763\1\PLEADINGS\MEMOORDERSETTLEMENTAPPROVAL 112702(2) DOC

*ROBERTA RILEY, WSBA #16841*
**PLANNED PARENTHOOD**
**OF WESTERN WASHINGTON**
2001 EAST MADISON
SEATTLE, WASHINGTON 98122-2959
TELEPHONE  (206) 328-6805
FACSIMILE  (206) 328-7522